UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

_____

| | |
|---|---|
| POMAQUIZA, Pedro | : |
| | : |
| Plaintiff, | : Civil Action No.  3:17CV1549 |
| | : |
| V. | : |
| | : |
| JEFFERSON SESSIONS, III | : |
| *United States Attorney General*; | : |
| | : |
| ELAINE DUKE | : |
| *Secretary of D.H.S.*; | : |
| | : SEPTEMBER 14, 2017 |
| C.M. CRONEN | : |
| *Field Office Director – Boston Field Office* | : |
| | : |
| Defendants. | : |

_____:

PLAINTIFFS' COMPLAINT FOR REIVEW UNDER THE ADMINISTRATIVE
PROCEDURE ACT, FOR MANDAMUS AND FOR DECLARATORY JUDGMENT

The Plaintiff, (AXX-XXX-590), brings this action for judicial review pursuant to the

Administrative Procedure Act, Mandamus, and Declaratory Judgment.  Mr. Pomaquiza

pleads to this Court to assume jurisdiction, and to review the denial of his Form I-246

Application for a Stay of Deportation or Removal, filed on August 3, 2017 and Denied on

September 5, 2017, without any specific explanation (hereinafter, "Form I-246" or "Stay

Request"). Mr. Pomaquiza had in prior years satisfied the administrative standard for

approval of his Stay Request (8 C.F.R.§241.6) as quoted in his denial: "Such decisions

are made on a case-by-case basis, after considering the totality of the circumstances,

both positive and negative, and must conform with Immigration and Customs

Enforcement's (ICE) enforcement priorities, namely national security, public safety, and border security."

The Defendants' decision denying the I-246 Stay Request is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law, and Mr. Pomaquiza has been adversely affected and aggrieved by the agency action. Further, the Court is requested to declare that Mr. Pomaquiza has been denied the due process of law by the way defendants failed to follow its own published regulations, policy, and guidelines.

A.    PARTIES

1.     The plaintiff, Pedro Pomaquiza, is a human being and a native and citizen of the Republic of Ecuador.

2.     Defendant, Jefferson B. Sessions, III, the United States Attorney General, is a defendant in this action in his official capacity as the administrative head of the Department of Homeland Security ("DHS"), and is further authorized to delegate such powers and authority to subordinate employees of DHS.  8 U.S.C. § 1103.

3.     Defendant, Elaine Duke, Secretary of the DHS, is a defendant in this action in her official capacity as the administrative head of the DHS, and is further authorized to delegate such powers and authority to subordinate employees of DHS.  8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

4.     Defendant, C.M. Cronen, Field Office Director of the Boston Field Office for DHS is a defendant in this action in his capacity as an Official of DHS, as he is generally charged with supervisory authority over all operations of DHS within his

District, but subject to certain specific exceptions not relevant here. 8 C.F.R. § 100.2(d)(2)(ii).

B.    JURISDICTION

5.    Jurisdiction in this case is proper under 28 U.S.C. § 1331, as this is an action arising under the laws and the Constitution of the United States, and under Section 704 of the Administrative Procedure Act (APA), 5 U.S.C. § 704, because this claim raises a purely legal question for the Court to review.

6.    Jurisdiction in his case is proper under Section 706(2) of the APA as it provides that a "reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions" that the court finds to be problematic.  5 U.S.C. § 706(2).

7.    Jurisdiction and the Court's review of certain claims herein are provided by section 706(2)(A) of the APA ("arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law").

8.    In addition, or in the alternative, the Court's review and jurisdiction over certain claims are provided by section 706(2)(E) of the APA ("unsupported by substantial evidence").

9.    Jurisdiction in this case is proper under the Declaratory Judgment Act, 28 U.S.C. § 2201 as Mr. Pomaquiza seeks the Court's declaration that the defendants have violated his due process rights as herein alleged.

10.    Jurisdiction is also proper under 28 U.S.C. § 1361, as this is an action that seeks the Courts mandamus power to compel an officer, employee, or agency of the United States to perform a duty owed to Mr. Pomaquiza.

C.    VENUE

11.    Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(e), in that this is an action against officers of the United States in their official capacity in a district where the Plaintiff resides.

D.    FACTUAL BACKGROUND

12.    Mr. Pomaquiza, is a 38-year-old Immigrant who first fled his homeland of Ecuador and entered the United States on or about January 15, 2001.

13.    Mr. Pomaquiza was born on April 4, 1979 and became an orphan at the age of ten.

14.    After being orphaned along with his younger brothers and sisters, Mr. Pomaquiza worked for food and lived in poverty until he turned 18 years of age.

15.    Upon turning 18 years old, he worked in Ecuador to earn money to support his brothers and sisters.

16.    At the age of 20, he entered the United States without inspection and worked to send money home to his siblings.

17.    Mr. Pomaquiza is married to a foreign national and he and his wife have five children, four of whom are United States citizens.

18.    Two of Mr. Pomaquiza's children have medical conditions: one child was born with a heart murmur and requires ongoing medical observation; the other child suffers from congenital hyperthyroidism, chronic anemia, allergic rhinitis, and other ongoing medical issues.

19.    Mr. Pomaquiza has no criminal history.

4

20.    Mr. Pomaquiza supports his family and children through his own construction business, which employs other workers.

21.    Mr. Pomaquiza's owns a house in Waterbury, Connecticut and provides a middle-class life for his children.

22.    Mr. Pomaquiza's children do not speak fluent Spanish and have only known life in the United States.

23.    On December 30, 2006, while working a construction contract in Vermont, three of Mr. Pomaquiza's workers were taken into custody by the Vermont State Police and transferred to ICE custody.

24.    Mr. Pomaquiza traveled to Vermont with US Citizens of Hispanic descent to post an Immigration Bond for the workers.

25.    While Mr. Pomaquiza sat in his van at the Vermont State Police barracks, he was approached by ICE officers who asked for his driver's license and identification.

26.    Mr. Pomaquiza was subsequently arrested by the ICE Officers and placed into Removal Proceeding in Boston, Massachusetts.

27.    He retained a Connecticut Attorney who filed a Motion to Suppress and Motion to Terminate for among other things Constitutional grounds.

28.    The motions were unsuccessful and Mr. Pomaquiza was ordered deported.

29.    Mr. Pomaquiza filed a timely appeal to the Board of Immigration Appeals, which was denied, and a subsequent appeal to the First Circuit Court of Appeals, which was also denied.

30.     In 2012, Mr. Pomaquiza filed a Form I-246 requesting a Stay of Removal pursuant to the standard set out in 8 C.F.R. § 241.6 as well as policy memoranda and guidance published by the Defendants.

31.     The Stay of Removal was granted and subsequently renewed annually through 2016.

32.     On August 3, 2017, Mr. Pomaquiza filed to renew a Stay of Removal, which was denied without specific explanation on September 5, 2017.

33.     On September 5, 2017, Mr. Pomaquiza was informed that he must depart the United States within 30 days on or before October 5, 2017.

34.     Such a 30 day departure was and is not practical for an individual who has been in the United States for more than fifteen years, has four United States children, a business, and property.

35.     Moreover, Mr. Pomaquiza would not reasonably have anticipated that his Stay Request would be denied given his circumstances had not changed and he continued to be eligible under the existing regulations, policies and guidelines.

36.     Mr. Pomaquiza satisfies the factors listed under 8 C.F.R. § 212.5 (factors for consideration for the parole of aliens).

37.     Under section 212.5 (d), Mr. Pomaquiza, was to be afforded "reasonable discretion" in the adjudication of his most recently filed Stay Request.

38.     Under two prior executive administrations, the Department of Homeland Security developed and implemented policy memoranda and regulations as to the prioritization of individuals with final orders of removal.

39.     These regulations and policy memoranda expanded the due process rights of individuals, such as Mr. Pomaquiza who had unexecuted final orders of removal.

E.      CLAIMS

COUNT I:      *Review Pursuant to the Administrative Procedure Act, 5 U.S.C. 701, et seq.*

40.     Paragraphs 1-39 of the foregoing are incorporated herein.

41.     On August 3, 2017, Mr. Pomaquiza filed a renewed Request for Stay under 8 C.F.R. § 241.6.

42.     Section 241.6 calls for a discretionary decision requiring application of a definite and specific standard of eligibility articulated by consideration of factors under 8 C.F.R. § 212.5 as well as factors under INA § 241(c).

43.     8 C.F.R. § 212.5 requires the Defendants to apply "reasonable discretion."

44.     Change of circumstances is a factor for consideration of the Stay Request under Chapter 20.8(e) of the *Detention and Deportation Officer's Field Manual* (updated March 27, 2006).

45.     Under Chapter 20.9(b) of the *Detention and Deportation Officer's Field Manual* (updated March 27, 2006) the defendants have a policy which directs that the "Arbitrary application of enforcement tools must be avoided."

46.     The Defendants have not afforded Mr. Pomaquiza "reasonable discretion" as required under 8 C.F.R.§ 212.5 (d).

47.    Mr. Pomaquiza was eligible for the Stay of Removal by a reasonable application of discretion and consideration of the factors listed in section 212.5 and INA § 241(c).

48.    On September 5, 2017, Mr. Pomaquiza's Stay Request was denied, but the factual basis upon which his previous Stay Requests were granted had not changed.

49.    The Defendants have not followed their own policy to avoid the arbitrary application of enforcement tools in deciding Mr. Pomaquiza.

50.    Mr. Pomaquiza has shown that his circumstances have not changed and that he was eligible for approval of his Form I-246.

51.    The Defendants decision to deny Mr. Pomaquiza's request violates its own regulations and procedures.

52.    The Defendants decision to deny Mr. Pomaquiza's request is without an explanation and is thus arbitrary and capricious.

53.    The Defendants' decision fails to adequately provide a rational decision in the determination of Mr. Pomaquiza's request.

54.    The Defendants' findings are not supported by substantial or probative evidence in the record.

55.    As a result, the I-246 Denial is arbitrary, capricious, abuse of discretion, and otherwise not in accordance with the law.

56.    The Defendants actions has placed Mr. Pomaquiza at risk of separation from his immediate family and four United States citizen children.

57.     The Defendants violated the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.*, as Mr. Pomaquiza has suffered a legal wrong and is adversely affected and aggrieved by the agency action.

58.     Mr. Pomaquiza requests that the Court set aside the decision of the Defendants denying the Form I-246 as the process for the decision was arbitrary and capricious under 5 U.S.C. § 706(2)(A).

59.     Mr. Pomaquiza requests that the Court set aside the decision of the Defendants denying the Form I-246 as in violation of its own rules and regulations and for failure to apply "reasonable discretion" as required under 8 C.F.R.§ 212.5 (d) and thus contrary to law.

COUNT II:     *Declaratory Judgment (Violation of Existing Policies)*

60.     Paragraphs 1- 60 are incorporated as if fully set forth herein.

61.     Mr. Pomaquiza requests a declaration, pursuant to 28 U.S.C.§ 2201 that the September 5, 2017 decision of USCIS denying the Form I-246 is arbitrary, capricious, abuse of discretion, a violation of due process, and otherwise not in accordance with the law, pursuant to the Administrative Procedure Act, 5 U.S.C. 701, *et seq.*

62.     Mr. Pomaquiza requests a declaration that declares that the Defendants' adjudication of his Form I-246 Stay Request violates their existing policies and regulations.

63.     Mr. Pomaquiza further requests that the Court declare that the I-246 Denial was arbitrary, capricious, abuse of discretion, and otherwise not in accordance with the law.

COUNT III:     *Declaratory Judgment (*Mr. Pomaquiza *Denial of 5th Amendment Due Process)*

64.     Paragraphs 1-63 are incorporated as if fully set forth herein.

65.     Mr. Pomaquiza requests a declaration, pursuant to 28 U.S.C.§ 2201 that he has been denied the due process of law guaranteed under the 5th and 14th Amendments to the United States Constitution and thus raises a valid federal question for adjudication.

66.     Mr. Pomaquiza filed a Form I-246 Stay Request and has been denied the due process of law in any one or all of the following ways:

A.     In that the Form I-246 Stay Denial was issued where his circumstances had not changed since approval was granted a year earlier;

B.     In that he was not provided an articulated reason for the denial of his Form I-246 Stay Request;

C.     In that he was not afforded a reasonable act of discretion as required by the Defendants' own regulations and policies.

D.     In that he suffered an "[a]rbitrary application of enforcement tools" by the defendants in violation of its own regulations and policies."

E.     In that having expanded the due process rights of individuals situated as Mr. Pomaquiza under 8 C.F.R.§ 241.6, the Defendants have allowed

its agents and administrators to arbitrarily deny the expanded due process without reason or justification.

67.    These aforesaid denials of due process have caused real and sufferable harm that require an adjudication and declaration of the Court such that Mr. Pomaquiza will be given the opportunity for new and fairer proceedings in accordance with the Defendants own policies and regulations.

COUNT IV    Mandamus

68.    Paragraphs 1- 64 are incorporated as if fully set forth herein.

69.    Mr. Pomaquiza requests the Court issue a Mandamus, pursuant to 28 U.S.C. § 1361 that orders the Defendants to adjudicate Mr. Pomaquiza's Stay Request in accordance with established regulations, policies, and guidelines.

70.    Mr. Pomaquiza further requests the Court to Mandame the Defendants to issue a decision that is specific and articulate as to the facts presented by Mr. Pomaquiza.

F.    DAMAGES

71.    As a result of Defendants' action, Mr. Pomaquiza has suffered the following injuries and damages:

(a)    Insecurity in his person, property, family, rights of inheritance;

(b)    Unnecessary legal fees; filing fees; and other expenses

(c)    Mental and emotional anguish and suffering;

(d)    Deprivation and or uncertainty in the due process of laws in the United States.

G.     RELIEF

72.     In view of the claims and authority noted herein, Mr. Pomaquiza respectfully prays for alternate or conjunctive relief:

(a)     That the Defendants be cited to appear herein and that upon due consideration, the Court to defend its actions in denying Mr. Pomaquiza's Form I-246 as other than arbitrary and capricious and not in violation of the Administrative Procedures Act;

(b)     Declare that the Defendants have acted in an arbitrary and capricious manner and have denied Mr. Pomaquiza's rights to the due process of law such that he is entitled to equitable relief in the form of a refund of his legal fees, filing fees, and other related expenses;

(c)     Order the Defendants to adjudicate Mr. Pomaquiza's Form I-246 in accordance with its own regulations and policies and by employing "reasonable discretion."

(d)     That Mr. Pomaquiza be awarded attorneys' fees and costs under the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412; and

(e)     To award such other and further relief as this Court deems just and proper.

Respectfully Submitted,

THE PLAINTIFFS


/s/
_____
Glenn L. Formica, ct21053
Formica Williams, P.C.
195 Church Street, 11th Floor
New Haven, Connecticut 06510
Telephone: (203) 789-1946
Facsimile: (203) 787-6766
E-Mail:gformica@formicalaw.com