UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PEDRO POMAQUIZA,
    *Plaintiff*,

v.

JEFFERSON SESSIONS, III, *et al.*,
    *Defendants*.

No. 3:17-cv-01549 (JAM)

**ORDER DISMISSING COMPLAINT FOR LACK OF FEDERAL JURISDICTION**

    More than ten million immigrants live in the United States without a legal right to do so. Many have been here for decades after they came here as children or youth. They have raised families, worked hard, paid taxes, and never committed a crime.

    What to do about this has long vexed Congress and the Executive Branch. Some law-abiding immigrants get to stay. Some have to go. And it is not always clear why some get to stay while others must go.

    Four weeks ago, plaintiff Pedro Pomaquiza was told he must go. He must go back to his native country of Ecuador. It is true that he has no legal right to be here and has long been subject to a final order of removal. Yet since coming to the United States 16 years ago he has no criminal history, has built a construction business, and raised a family with five children.

    Year after year the government allowed Mr. Pomaquiza to stay. This year it suddenly changed its mind. It did so without explaining why, and it told him he had just 30 days to leave his life and his family behind.

    Mr. Pomaquiza now asks the Court for relief. But I cannot help him. Congress has very clearly divested the federal district courts of jurisdiction to review claims like his that arise from the execution of an order of removal. Whatever the equities are for Mr. Pomaquiza and his

1

family, they are for the political branches to consider (or re-consider), and I must dismiss this case for lack of jurisdiction.

## BACKGROUND

The facts in this case are not in dispute. Plaintiff Pedro Pomaquiza is a native of Ecuador, where he became an orphan at the age of ten. After living in poverty and working for food as a teenager, Mr. Pomaquiza entered the United States without inspection in January 2001.

Since coming to the United States, Mr. Pomaquiza has no criminal history. He has married and has five children, four of whom are United States citizens. He lives in Waterbury, Connecticut, and he supports his family through his construction business.

Mr. Pomaquiza's immigration troubles began more than ten years ago when he was in Vermont to help some of his construction employees, and he had the misfortune to be spotted by agents of U.S. Immigration and Customs Enforcement ("ICE"). He was placed into removal proceedings in Boston, Massachusetts, and these proceedings resulted in a final order of removal. Mr. Pomaquiza appealed but he was denied relief by both the Board of Immigration Appeals and the U.S. Court of Appeals for the First Circuit.

Now subject to a final order of removal, Mr. Pomaquiza asked for a discretionary stay of removal. In 2012, he applied for a stay of removal by filing a Form I-246, which pursuant to 8 CFR § 241.6 allows an alien subject to a final order of removal to apply for a stay of removal. The stay was granted for one year, and Mr. Pomaquiza thereafter applied for and received a stay of removal each year from 2013 through 2016.

On August 3, 2017, Mr. Pomaquiza filed again to renew the stay of removal. But on September 5, 2017, the application was denied. The government ordered Mr. Pomaquiza to leave the country by October 5, 2017.

Mr. Pomaquiza was not told why his application for a stay of removal was denied. When I asked counsel for the government why the application had been denied, I was told that there had been a recent shift in the federal government's immigration enforcement priorities as reflected in the so-called "Kelly Memorandum."[1] That memorandum provides in part that "regardless of the basis of removability, Department personnel should prioritize removable aliens who: …. (6) are subject to a final order of removal but have not complied with their legal obligation to depart the United States." Kelly Memorandum at 2.

On September 14, 2017, Mr. Pomaquiza filed a federal court complaint seeking review of the denial of his application for a stay of removal. He does not challenge the final order of removal itself. Instead, he contends that the denial of his application for a stay of removal violated the Administrative Procedure Act and his constitutional right to due process of law. He has filed a motion for a preliminary injunction and a temporary restraining order to prevent his removal until he has the chance to litigate the claims set forth in his complaint. The government opposes the motion for preliminary relief on grounds that the Court lacks subject matter jurisdiction over Mr. Pomaquiza's challenge to the denial of his application for a stay of removal.

## DISCUSSION

A federal court must dismiss an action if at any time it determines that it lacks subject matter jurisdiction over a claim. *See* Fed. R. Civ. P. 12(h)(3). The federal courts do not decide for themselves what their jurisdiction shall be. It is Congress who controls the subject matter

---

[1] *See* Memoranda from Secretary of Homeland Security John Kelly on Enforcement of the Immigration Laws to Serve the National Interest (Feb. 20, 2017), https://www.dhs.gov/sites/default/files/publications/17_0220_S1_Enforcement-of-the-Immigration-Laws-to-Serve-the-National-Interest.pdf).

3

jurisdiction of the federal courts. *See* U.S. Const. Art. III, § 1; *Kontrick v. Ryan*, 540 U.S. 443, 453 (2004).

Congress has decreed that a federal district court does not have jurisdiction over the type of claim that Mr. Pomaquiza pursues here: a claim that arises from the government's decision to execute an order of removal against him. Congress has by statute provided that: "Except as provided in this section and notwithstanding any other provision of law, … *no court shall have jurisdiction* to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, *or execute removal orders* against any alien under this chapter." 8 U.S.C. § 1252(g) (emphasis added); *see also Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (holding that § 1252(g) precludes review for "three discrete actions that the Attorney General may take: her 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders'").

A challenge to the government's decision to deny a stay of a final order of removal falls squarely within the statute, because a denial of a stay is part-and-parcel of the decision to execute a removal order. The challenge to a denial of a stay of removal is a "claim … arising from the decision or action … to … execute removal orders." 8 U.S.C. § 1252(g). As the Eighth Circuit has recently noted, "a claim that is connected directly and immediately to a decision to execute a removal order arises from that decision." *Silva v. United States*, 866 F.3d 938, 940 (8th Cir. 2017) (internal quotations omitted).

Although the Second Circuit has not directly addressed this issue, numerous federal courts of appeal have similarly concluded that § 1252(g) precludes jurisdiction over a claim that challenges the government's denial of a stay of an order of removal. *See Barrios v. Attorney Gen. of U.S*, 452 F. App'x 196, 198 (3d Cir. 2011); *McCloskey v. Keisler,* 248 F. App'x 915, 917

4

(10th Cir. 2007); *Moussa v. Jenifer*, 389 F.3d 550, 554 (6th Cir. 2004); *Sharif v. Ashcroft*, 280 F.3d 786, 787 (7th Cir. 2002). The government cites yet more district court rulings to the same effect, and Mr. Pomaquiza does not cite any contrary cases concerning the scope of § 1252(g).

Nor is the reasoning any different if Mr. Pomaquiza's claim is re-framed as a challenge to the government's *procedures* that govern whether to deny a stay of removal, as distinct from a direct challenge to the decision itself denying a stay of removal. Both types of claims equally arise from the decision to execute the order of removal against Mr. Pomaquiza.

Mr. Pomaquiza insists that I may conduct review under the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et al.* But the APA makes clear that it does not apply if "statutes preclude judicial review." 5 U.S.C. § 701(a). Because 8 U.S.C. § 1252(g) precludes judicial review, the APA has no role here.

Mr. Pomaquiza also suggests that the Court may grant mandamus pursuant to 28 U.S.C. § 1361. But the mandamus statute does not provide an independent basis for a federal court's jurisdiction if jurisdiction is otherwise lacking. *See Delgado v. Quarantillo*, 643 F.3d 52, 56 (2d Cir. 2011) (*per curiam*) (no jurisdiction under either the APA or mandamus over alien's court challenge where a separate immigration statute independently precluded judicial review).

Mr. Pomaquiza relies on the Supreme Court's decision in *Kucana v. Holder*, 558 U.S. 233 (2010). But *Kucana* did not mention or interpret 8 U.S.C. § 1252(g). Instead, it interpreted very different language from another immigration statute (8 U.S.C. § 1252(a)(2)(B)(ii)) that limits judicial review of discretionary decisions of the Attorney General or the Secretary of Homeland Security. Because that statute is not at issue in the case now before me and does not have language that is similar to the text of 8 U.S.C. § 1252(g), *Kucana* is irrelevant to Mr. Pomaquiza's case. Moreover, to the extent that *Kucana* suggests that Congress must speak

5

clearly when it limits the jurisdiction of the federal courts, Congress has done so here. By enacting 8 U.S.C. § 1252(g), Congress has clearly precluded jurisdiction over claims arising from a decision to execute a removal order.

Lastly, to the extent that Mr. Pomaquiza contends that the denial of a stay of removal violated his constitutional right to due process, any jurisdiction over such a claim would vest—if at all—in the first instance with a federal court of appeals rather than with a federal district court. *See, e.g.*, *Ajlani v. Chertoff*, 545 F.3d 229, 235 (2d Cir. 2008). I have no jurisdiction over Mr. Pomaquiza's complaint.

## CONCLUSION

The complaint is DISMISSED for lack of federal jurisdiction. Plaintiff's motion for a preliminary injunction and temporary restraining order is DENIED as moot in light of the dismissal of the complaint. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 3rd day of October 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge